UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD PHILIP; *et. al.*,

        Plaintiffs,        7:09-CV-1129
                                          (GTS/GHL)

v.

CATHERINE O'HAGAN WOLFE; *et al.*,

        Defendants.
_____

APPEARANCES:

RICHARD PHILIP
  Plaintiff, *Pro Se*

MICHAEL NORLEY
  Plaintiff, *Pro Se*

PAMELA JOY
  Plaintiff, *Pro Se*

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      By Order of United States Magistrate Judge George H. Lowe filed October 16, 2009, Plaintiffs were afforded thirty (30) days in which to comply with the filing fee requirements for this civil action by either paying the statutory filing fee of three hundred fifty dollars ($350) or submitting completed *in forma pauperis* applications, if they wished to avoid dismissal of this action. (Dkt. No. 2 [the "October Order"].)[1]

---

[1] Generally, a complaint must be accompanied by payment of the statutory filing fee of three hundred fifty dollars ($350) for commencing an action (*see* 28 U.S.C. § 1914[a]), or submission of a completed and signed application for leave to proceed *in forma pauperis* (*see* 28 U.S.C. § 1915[a]). *See* N.D.N.Y L.R. 5.2, 5.4.

During the more than two months that have elapsed since the issuance of Magistrate Judge Lowe's October Order, Plaintiffs have not made the required submissions, nor have they otherwise communicated with the Court regarding this action. (*See* generally Docket Sheet.)

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to (1) prosecute an action or (2) comply with any order or procedural rule of the court. Fed. R. Civ. P. 41(b). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citations omitted). Furthermore, this power may be exercised *sua sponte*. *See Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 630-31 (1962).

Generally, the correctness of a Fed. R. Civ. P. 41(b) dismissal for failure to comply with an order or procedural rule of the Court is determined in light of the following five factors: (1) the duration of the plaintiff's failure to comply; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Hevner v. Village East Towers, Inc.,* No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, after carefully considering the matter, the Court finds that each of these five factors weighs in favor of dismissal of this action. As for the first factor, more than two months have elapsed since Plaintiffs were directed to comply with the filing-fee requirements for this action. However, Plaintiffs have not so complied, nor have they even communicated with the Court or

its Clerk's Office about *any* aspect of this litigation.[2]   As a result, the Court finds that the first factor weighs in favor of dismissal.

As for the second factor, Plaintiffs were given specific notice in the October Order that their failure to timely comply with that Order by either paying the filing fee or submitting completed and signed *in forma pauperis* applications might result in the dismissal of this action. (Dkt. No. 2 at 1.)  Plaintiffs were also provided with a blank *in forma pauperis* application for their use in complying with the October Order.  (*Id*.)  As a result, the Court finds that the second factor weighs in favor of dismissal.

As for the third factor, the Court finds that Defendants may be prejudiced by further delay in the proceedings.  For example, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence.[3]   As a result, the Court finds that the third factor weighs in favor of dismissal.

As for the fourth factor, the Court finds that, in light of the fact that Plaintiffs have not indicated their intention to comply with the October Order or requested additional time in which to do so, the need to alleviate congestion on the Court's docket outweighs Plaintiffs' right to receive a further chance to comply with the October Order.[4]   As a result, the Court finds that the fourth factor weighs in favor of dismissal.

---

[2]   *Cf.* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

[3]   *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. . . .  The additional delay that plaintiff has caused here can only make matters worse.").

[4]   The Court notes that it is cases like this one that delay the resolution of other cases, and that contribute to this District's dubious distinction as having (among all federal district courts), one of the longest median times to disposition for civil cases between 2003 and 2008 (ranking it 89th out of 94 federal district courts).  *See* Administrative Office of the United States Courts, Federal Court Management Statistics, http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited Jan. 11, 2010).

Finally, as for the fifth factor, the Court has carefully considered whether a sanction less drastic than dismissal would be appropriate under the circumstances. As an initial matter, the Court notes that Plaintiffs' Complaint was accepted for docketing on September 30, 2009, notwithstanding the fact that they had not complied with the filing fee requirements; in this regard, the October Order was itself a sanction less drastic than dismissal.[5] Moreover, there is no reason to believe that simply affording Plaintiffs a further opportunity to comply with their obligations under the October Order would likely to be fruitful, because they have failed to do so for two months now (as they have also failed to communicate with the Court or its Clerk's Office about any aspect of this litigation). Nevertheless, in light of Plaintiffs' *pro se* status, the Court will lessen the sanction so that it consists of a dismissal *without prejudice*.[6] As a result, the Court finds that, with regard to the modified sanction, the fifth factor weighs in favor of dismissal.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** **without prejudice** pursuant to Fed. R. Civ. P. 41(b), due to Plaintiffs' failure to comply with the Court's Order of October 16, 2009, regarding the filing-fee requirements for this action.

Dated: January 12, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[5] Title 28, Section 1915 of the United States Code and Local Rule 5.4 govern *in forma pauperis* proceedings. Local Rule 5.2(a) of the Local Rules of Practice for this Court provides that "[a] party commencing an action . . . must pay to the Clerk the statutory filing fee before the case will be docketed and process issued." N.D.N.Y. L.R. 5.2(a).

[6] Unless the dismissal order states otherwise, a dismissal pursuant to Fed. R. Civ. P. 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).